**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gloria A. Rowe by her Guardian ad Litem Fred Rowe, and Fred Rowe,<br><br>        Plaintiffs,<br><br>vs.<br><br>Bankers Life and Casualty Company; Falicia M. Stoller; and John Does 1 through 2,<br><br>        Defendants. | No. CV 07-1281-PHX-MHM<br><br>**ORDER** |

Now pending before the Court is Defendants' Motion for Reconsideration (Doc. 138) of the Court's July 1, 2008 Order (Doc. 129) granting Plaintiffs' Motion for Partial Summary Judgment (Doc. 96).

**LEGAL STANDARD**

Motions for reconsideration should be granted only in rare circumstances. <u>Defenders of Wildlife v. Browner</u>, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See <u>Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought through. <u>United States v. Rezzonico</u>, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court

"(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

### DISCUSSION

### I.

Defendants argue that the Court improperly construed disputed facts in favor of the Plaintiffs. For example, Defendants contend, the Court disregarded the testimony of Falicia Soller in which she stated that the policy was marketed and sold to the Rowes as a "short-term care, limited benefit, convalescent care policy" and denied that the policy was ever represented to the Rowes, prior to purchase, as providing a "lifetime" or "unlimited" benefit. Defendants assert that whether the Rowes' policy was ever represented, marketed, or sold as a "long-term care insurance" policy and whether Mrs. Rowe is entitled to any additional benefits is a dispute issue of material fact.

However, contrary to the Defendants contention, the way in which the policy was marketed and sold to the Rowes is not a material fact. In its July 1, 2008 Order, the Court found that the coverage provided under the policy falls squarely within the Arizona Revised Statute's definition of long-term care.[1] A policy that meets the definition of long-term care

---

[1] Mrs. Soller testified that the policy covers home health care or nursing home care, personal care benefits, custodial care, and even housekeeping. Dep. of Falicia Soller, October 19, 2007.

As stated in the July 1, 2008 Order, the Arizona Revised Statute Section 20-1691 ¶ 8 defines "long-term care insurance" as a policy that provides the following coverage:

> an individual or group insurance policy . . . advertised, marketed, offered or designed to provide coverage for each covered person on an expense-incurred, indemnity, prepaid or other basis for one or more necessary or medically necessary diagnostic, preventative, therapeutic, rehabilitative, maintenance, personal or custodial care services provided in a setting other than an acute care setting of a hospital . . . . Long-term care insurance also includes a policy . . . that provides for payment of benefits based on cognitive impairment or

- 2 -

insurance, as defined by Section 20-1691 of the Arizona Revised Statutes, as the policy does here, is required to comply with Title 20 of the Arizona Revised Statutes. Title 20 states that "[a] long term care policy shall provide coverage for at least twenty-four consecutive months for each person covered." A.R.S. § 20-1691.03(c).

Interpretation of insurance contracts is a question of law for this court to decide. Benevides v. Arizona Property & Cas. Ins. Guar. Fund, 184 Ariz. 610, 911 P.2d 616, 619 (Ariz.App. 1995); Blue Ridge Ins. Co. v. Stanevich, 142 F.3d 1145 (9th Cir. 1998). The Arizona Supreme Court decision St. Paul Fire & Marine Ins. Co. v. Gilmore, sets forth that "[u]nder the operation of our statutes governing insurance, the type of policy is determined by the type of coverage provided, not by the label affixed by the insurer . . . . The statutes are part of every insurance policy and mandate that policies providing specific types of coverage meet specific requirements." 168 Ariz. 159, 812 P.3d 977, 983 (1991).

Thus, the Court finds that any dispute about the manner in which the policy was represented, marketed or sold is not a material fact because the policy falls under the definition of long term care. Long-term insurance policies are required to provide coverage for at least twenty-four consecutive months for each person covered. A.R.S. § 20-1691. Therefore, the Court is not persuaded to reconsider it's July 1, 2008 Order with regard to its

> loss of functional capacity. Long-term care insurance does not include any insurance policy that is offered primarily to provide basic medicare supplement coverage, basic hospital expense coverage, basic medical and surgical expense coverage, major medical expense coverage, disability income or related asset protection coverage, hospital confinement indemnity coverage, accident only coverage, specified disease coverage, specified accident coverage or limited benefit health coverage or riders to the insurance policy or a life insurance policy that accelerates the death benefit for terminal illness, medical conditions requiring extraordinary medical intervention or permanent institutional confinement, that provides the option of a lump sum payment for those benefits and in which the benefits or the eligibility for the benefits is not conditioned on the receipt of long-term care.

finding that the policy issued to the Rowes was a long-term care policy nor as to the fact that the Rowes are entitled to at least twenty-four months of coverage.

**II.**

Defendants further request that the Court reconsider its finding with respect to the "Restoration of Benefits" clause. Defendants assert that for the "Restoration of Benefits" clause to be construed as a limitation, it must be assumed that the policyholder is entitled to a "lifetime" or "unlimited" benefit. The Court disagrees. Because the policy is a long-term care policy, which is required to provide at least twenty-four months of coverage, the Restoration of Benefits improperly serves to limit the policy coverage. The Court will leave it to a jury to decide whether the policy entitles Plaintiffs to more than twenty-four months of coverage.

**III.**

Defendants additionally seek clarification of two aspects of the Court's July 1, 2008 Order. First, Defendants contend that the Court declared that Restoration of Policy Benefits clause does not conform to Arizona Administrative Code ("A.A.C.") R20-6-1004(B)(2), but the Court did not determine the consequences of the nonconformity. Second, Defendants contend that because the Court found that the policy is contrary to the law and to public policy, the policy should be found to be invalid, but the Court did not comment on whether this finding, in fact, rendered the Policy *void ab initio*. The Court will address these two topics in turn.

First the Court will address Defendants' request with regard to the policy's nonconformity with A.A.C. R20-6-1004(B)(2). Defendants seek clarification as to the affect of the Court finding that the Restoration of Policy Benefits clause[2] does not meet the

---

[2] The Restoration of Policy Benefits states as follows:

This policy's Maximum Benefit for Any One Period of Expense will be fully restored when a Family Member has not required treatment or services covered

- 4 -

requirements of A.A.C. R20-6-1004(B)(2). Defendants ask whether the Court finds this violation to invalidate the clause or whether it simply creates the potential for an administrative action by the Department of Insurance.

Plaintiffs brought this action alleging breach of the duty of good faith and fair dealing, negligence, malpractice, and several claims of fraud. Moreover, as Defendants noted in their response to Plaintiffs' motion for partial summary judgment, prosecution of a violation of an Arizona Department of Insurance regulation such as A.A.C. R20-1004(B)(2) is left exclusively to the discretion of the Arizona Department of Insurance. See e.g., Melancon v. USAA Cas. Ins. Co., 174 Ariz. 344, 347, 849 P.2d 1374, 1377 (Ariz. Ct. App. Div. 2, 1992). The Court stated in its Order that the violation of A.A.C. R20-6-1004(B)(2) is an inappropriate limitation on benefits and granted summary judgment in Plaintiffs' favor. As such, the provision is invalid. Zuckerman v. Transamerica Ins. Co., 133 Ariz. 139, 144, 650 P.2d 441, 446 (1982) (finding that if a provision of an insurance agreement is found to take advantage of a claimant with an inferior bargaining position, it may be found invalid). The Court finds that Plaintiffs are entitled to at least twenty-four months of coverage under the policy. A jury can decide whether Plaintiffs are entitled to more than twenty-four months of coverage.

A.A.C R20-6-1004(B)(2), states as follows:

A long-term care insurance policy or certificate containing any limitations or conditions for eligibility . . . shall describe the limitations or conditions . . . in a separate paragraph of the policy . . . and shall label the paragraph "Limitations or Conditions on Eligibility for Benefits."

---

under this policy for six consecutive months for the same cause or causes for which a previous Period of Expense began. If this policy includes the Annual Benefit Increase Option, as shown on the Schedule page, the amount restored will include any accumulated benefit increases provided as of the policy's last anniversary.

- 5 -

1    The Restoration of Policy Benefits at issue here did not meet the requirements set forth under A.A.C. R20-6-1004(B)(2). It is not the intent of the Court to revise, modify, alter, or extend the policy. However, the Court is in a position to conduct policy interpretation. See Benevides, 184 Ariz. 610, 911 P.2d at 619 (finding that interpretation of insurance contracts is a question of law for this court to decide); see also Blue Ridge Ins. Co. v. Stanevich, 142 F.3d 1145 (same). The policy falls within the statutory definition of long term care. In Arizona, any long term care policy is required to provide at least twenty-four months of coverage. Any clause, including the Restoration of Policy Benefits clause, that limits Plaintiffs' benefits to less than twenty-four months is contrary to the statutory requirements for long term care. Accordingly, Defendants are directed to provide Plaintiffs with at least twenty-four months of coverage. A jury can decide whether Plaintiffs are entitled to coverage beyond the statutorily required twenty-four months.

Second, Defendants seek clarification contending that if the policy is contrary to the law and to public policy, the Court should have found the policy to be invalid and *void ab initio*. It is well established that parties to an insurance agreement may contract for any *lawful* coverage, and that an insurance company has the right to limit its liability by imposing conditions and restrictions on its contractual obligations; however, these conditions and restrictions may not be inconsistent with public policy. Kepner v. Western Fire Ins. Co., 109 Ariz. 329, 330, 509 P.2d 222, 223 (1973). If a provision of an insurance agreement is found to take advantage of a claimant with an inferior bargaining position, it may be found invalid. Zuckerman v. Transamerica Ins. Co., 133 Ariz. 139, 144, 650 P.2d 441, 446 (1982). Thus, "where the conditions do no more than provide a trap for the unwary, the insurer will be estopped to raise them." Id.

The Court reiterates its finding in its July 1, 2008 Order that limiting the terms of the Rowes' policy to anything less than twenty-four months is in violation of State law. The Court does not find that invalidating the policy clauses that are contrary to public policy renders the policy *void ab initio*. In fact, Defendants include a clause in the policy stating

- 6 -

that the policy shall be read to comply with state statute. The Restoration of Policy Benefits policy provision here appears to take advantage of the Plaintiff's inferior bargaining position. This provision could prove a trap for the unwary, therefore, the insurer will be estopped from relying on it here.

In Defendants' conclusion section they ask that the Court de-publish its ruling until Defendants have exercised all of their appeal options. The Court has not acted to request publication of its Order granting Plaintiffs' Motion for Partial Summary Judgment.

**Accordingly,**

**IT IS ORDERED** denying Defendants' Motion for Reconsideration but granting Defendants' alternative Motion for Clarification (Doc. 138) to the extent set forth in this Order.

**IT IS FURTHER ORDERED** directing Defendants to provide Plaintiffs with at least twenty-four months of coverage under their Policy.

DATED this 15th day of September, 2008.

_____
Mary H. Murgula
United States District Judge